J-S08033-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WENDY JOY TOOMER | : | |
| | : | |
| Appellant | : | No. 1941 EDA 2025 |

Appeal from the Judgment of Sentence Entered June 26, 2025
In the Court of Common Pleas of Wayne County Criminal Division at
No(s):  CP-64-CR-0000364-2023

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 28, 2026**

Appellant Wendy Joy Toomer appeals from the judgment of sentence imposed after she was convicted of theft by unlawful taking and receiving stolen property following a bench trial.  On appeal, Appellant argues that the trial court erred in grading her theft conviction as a third-degree felony because there was insufficient evidence establishing that the value of the stolen property exceeded $2,000.  We affirm.

The trial court set forth the facts of this case as follows:

> At a non-jury trial on April 7, 2025, [Appellant] testified that she met the victim, Robert Waters, through her cousin.  [Appellant] hired the victim to perform work on her house in a gated community.  The house was not [Appellant's] primary residence. The victim testified that he was to provide the tools to perform this work.  A dispute arose between the parties in December 2022 regarding payment, and the victim testified that the [Appellant] informed him that she was going to revoke the victim's pass to enter the gated community and change the locks on her home.

His tools were inside her home at this time. He reached out multiple times to obtain his tools, but was never able to do so.

The victim testified that he took the issue to the Pennsylvania State Police in April 2023. The victim reached out to [Appellant] again but still did not receive his tools. The victim testified that, at the request of Pennsylvania State Police, the victim prepared a list of tools that remained in [Appellant's] home. The victim worked on said list with his wife, and looked up the price for the tools, many of which were DeWalt brand, online. The victim testified that he adjusted these numbers after he discovered some of the tools were not DeWalt brand.

The victim testified that [Appellant's] attorney returned certain tools to him in the District Attorney's office on July 11, 2024. This was after charges had been filed. However, certain tools were not returned. The victim testified that he had contacted [Appellant] and a mutual contact multiple times in an attempt to get his tools back. However, prior to July 11, 2024, he never succeeded in having his tools returned. The victim testified that the total value of the tools on the list was $4,622.81. After adjustments, the value was $2,814.89. Removing the hammer that was not actually a DeWalt hammer, the total was $2,784.90. The victim testified that this was the value of the tools he had left at [Appellant's] house if they were brand new.

Defense counsel questioned the victim on a text he had sent claiming he had left $1,500 worth of tools at [Appellant's] house. The victim claimed that he had indicated the tools would be worth at least that much in a used state. The victim testified that, after reaching out to state police, he was under the impression [Appellant] was trying to find a time to come to return the tools, as she was caring for a sick parent. He testified that he reached out multiple times to [Appellant] to try to arrange times and that she eventually stopped responding. The victim testified that [Appellant] did reach out to see if the victim could return $ 1500 and then she could attempt to return his tools. The victim testified that, to his recollection, there was no arrangement that one of [Appellant's] family members was going to try to return the tools.

Trooper Terrence Branning testified that he had told [Appellant] that she could not keep the tools because she was dissatisfied with the victim's work and that she could be arrested for theft. Trooper Branning testified that he filed charges when the victim relayed to him that he had been told his tools were no longer in [Appellant's]

home and that she had hired new contractors. Trooper Branning testified that the victim had told him that if a member of [Appellant's] family would go with him to the house to get his tools, he would go with them and pick them up. However, that never occurred.

[Appellant] testified that, at the time the dispute arose, the victim demanded an extra $300 in payment before continuing work. [Appellant] testified that, while she told the victim to stop work and that she was going to change the locks, she never told the victim that he could not return to retrieve his tools. [Appellant] testified that the victim still had keys to her home before she had the locks changed. [Appellant] testified that her nephew was willing to go into the home to get the victim's tools, but that her nephew needed money for gas. [Appellant] testified that the victim refused to pay for gas. [Appellant] testified that she never saw the tools in her house and that neither she nor her niece saw them nor could find them. She testified that the tools ended up being behind one of the cabinets. The Commonwealth and [Appellant] stipulated that [Appellant's] niece found a bucket of tools in [Appellant's] home around July 2024.

In viewing the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, in the light most favorable to the verdict winner, sufficient evidence supports all elements of the offense and the grading of such as a [third] degree felony. The parties stipulated that the victim's tools were found in [Appellant's] home in close proximity to July 2024, demonstrating that [Appellant] did indeed exercise unlawful control over the movable property of the victim. [Appellant's] intent to deprive him of said property was illustrated throughout the testimony presented at trial. The victim repeatedly attempted to make plans to retrieve his tools, even getting the Pennsylvania State Police involved. Trooper Branning told [Appellant] that she could not maintain possession of the tools just because she was dissatisfied with the victim's work, and that if she did, she could be charged with theft. Ultimately, the Court found [Appellant's] claims that she did not know the tools were in her house unconvincing. The Pennsylvania State Police were alerted to the issue in April 2023, and charges were not filed until October 31, 2023. [Appellant] had six months to go to her house to look for the tools that were ultimately found there, and either knew they were there or did not conduct a thorough enough search despite being aware of the gravity of the situation.

- 3 -

Trial Ct. Op., 9/16/25, at 3-6.

On appeal, Appellant raises the following issue for review:

Did the trial court [err] in finding [Appellant] guilty of a felony of the third degree when the evidence presented indicates that the value of the stolen goods was less than $2,000.00?

Appellant's Brief at 9 (some formatting altered).[1]

Appellant argues that the trial court erred in finding that the value of the stolen goods exceeded $2,000 and by concluding that Appellant's conviction was a third-degree felony, rather than a first-degree misdemeanor. *Id.* at 11. In support, Appellant notes that while the Victim testified that he "researched the value of new tools to replace the tools that were stolen," the Victim also admitted that the stolen items "were not new tools and therefore the value of the tools was less than the value that the victim had initially tendered to the Commonwealth." *Id.* Therefore, Appellant concludes that the matter should be remanded for the trial court to conduct an evidentiary hearing or vacate Appellant's conviction. *Id.* at 12-16.

It is well settled that "value is not an essential element of the crime of theft. Rather, the value of the stolen items becomes relevant only to establish

_____

[1] We note that in the argument section of her brief, Appellant fails to cite any case law or identify any authority to substantiate her claims. *See* Pa.R.A.P. 2119(a) (stating that the argument shall be divided into as many sections as there are questions presented, followed by discussion with citation to relevant legal authority). However, given the nature of Appellant's claim, this error does not meaningfully impede our review. Accordingly, we will address her issue on appeal. *See Commonwealth v. Freeland*, 106 A.3d 768, 777 (Pa. Super. 2014) (stating that "in the interest of justice we address the arguments that can reasonably be discerned from [a] defective brief" (citation omitted)).

the grade of the offense for purposes of imposing sentence." *Commonwealth v. Caldwell*, 339 A.3d 377, 2025 WL 1030141 at *4 (Pa. Super. filed Apr. 7, 2025) (unpublished mem.)[2] "A claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence" and is not waivable. *Commonwealth v. Mendozajr*, 71 A.3d 1023, 1027 (Pa. Super. 2013). "When the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Catt*, 994 A.2d 1158, 1160 (Pa. Super. 2010) (*en banc*).

Section 3921(a) of the Crimes Code defines theft as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). The maximum sentence for theft is determined, in part, by the value of the property taken. *See* 18 Pa.C.S. § 3903(a.1), (b). Generally, when determining the value of property involved in a theft, "value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime." 18 Pa.C.S. § 3903(c)(1). "If the amount involved exceeds $2,000," a theft is graded as a third-degree felony,

_____

[2] *See* Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

punishable by a maximum of seven years imprisonment. 18 Pa.C.S. §§ 1103(3), 3903(a.1).

> When determining the grade for a conviction for theft by unlawful taking, the Commonwealth is not required to establish the precise market value of the stolen property. Rather, the Commonwealth must present evidence from which a reasonable [fact-finder] may conclude that the market value was at least a certain amount. A proprietor's statement of the value of stolen goods is sufficient to establish the value of those goods in criminal cases and the weight to be accorded to such testimony is for the finder of fact.

*Caldwell*, 2025 WL 1030141 at *5 (citations omitted).

> Here, the trial court explained:

> When ascertaining the amount involved in a theft, "[e]xcept as otherwise specified in this section, value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime." 18 Pa.C.S. § 3903(c)(1). Satisfied with the victim's list of missing tools and the value ascribed to each were he to purchase them again, absent evidence to the contrary, . . . the court concluded that the requirements for grading as third degree felony were met.

> The evidence was sufficient to support a conviction of theft by unlawful taking, graded as a felony of the third degree.

Trial Ct. Op. at 6-7.

Following our review of the record, we conclude that the Commonwealth presented sufficient evidence to demonstrate that the value of the property exceeded $2000. *See Catt*, 994 A.2d at 1160. As noted by the trial court, the victim testified that the value of the tools was $2,784.90. *See* Trial Ct. Op. at 4. Further, although Appellant ultimately returned some of the tools to the victim, that did not vitiate the trial court's finding that the evidence

established that the victim's loss exceeded $2,000. *See Caldwell*, 2025 WL 1030141 at *5 (citations omitted). Therefore, Appellant is not entitled to relief. For these reasons, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/28/2026